# PELOSI WOLF SPATES LLP

50 BROAD ST.
STE. 1609
NEW YORK, NY
10004

**ANGELO DISTEFANO**

May 13, 2022

**VIA ECF**
The Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl St., Courtroom 15B
New York, NY 10007-1312

  Re: *Wisser v. Artspace LLC, Civil Action No. 1:22-cv-11063 (VM)*
     **Joint Letter and Proposed Case Management Plan**

Your Honor:

The parties write jointly to provide the information required by the Court's Initial Pretrial Scheduling Order dated May 3, 2020 (Dkt. No. 13). The parties' respective positions are as follows:

  **A.** **Brief Description of the Case**

  1. Plaintiff:

Plaintiff Bill Wisser ("Plaintiff") claims that defendant Artspace LLC infringed on Plaintiff's copyright protected photograph in willful violation of Plaintiff's rights under 17 U.S.C. §106. On January 13, 2015, Plaintiff authored a photograph of the "27 Restaurant" in Miami, Florida which was registered with the United States Copyright Office on July 31, 2017 under registration number VA 2-061-261. On September 27, 2019, Plaintiff observed the Photograph on the Defendant's Website in a story dated December 4, 2018. The Photograph was copied, stored and displayed by Defendant without license or permission. Plaintiff seeks an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504. Plaintiff also intends to seek an award of his costs and reasonable attorney's fees pursuant to 17 U.S.C. § 505. Plaintiff submits that the Court may award statutory damages "without requiring a plaintiff to make a showing of profit by the defendant or loss by the plaintiff as a result of the infringing activity." *Peer Int'l Corp. v. Max Music & Entm't, Inc.,* No. 03 CIV. 0996 (KMW-DF), 2004 WL 1542253, at *2 (S.D.N.Y. July 9, 2004); *see also Starbucks Corp. v. Morgan*, 99 Civ. 1404, 2000 WL 949665 at *2 (S.D.N.Y. July 11, 2000) (statutory damages "'are available without proof of plaintiff's actual damages or proof of any damages.")

  2. Defendant:

Artspace LLC ("Artspace") operates a website located at the URL www.artspace.com, which provides editorial coverage of current events in contemporary art and also facilitates sales of contemporary art works. In or around December 2018, Artspace posted an article that included the photograph at issue,

which is an interior photograph of 27 Restaurant & Bar located in Miami Beach, FL. Contemplating Artspace's maximum possible exposure – and Artspace does not concede liability – Plaintiff would only be entitled to a three to five times multiplier of the amount Artspace would have paid for the photograph. See, e.g., *Barcroft Media, Ltd. v. Coed Media Grp.*, LLC, 297 F. Supp. 3d 339, 358 (S.D.N.Y. 2017) (awarding a three to five times multiplier of a "reasonable licensing fee"). Artspace would require disclosure of Plaintiff's licensing history for the photograph at issue, which would be unburdensome and directly related to the calculation of damages, if any, that Plaintiff could conceivably be entitled to, which again Artspace does not concede.

**B.  Contemplated Motions**

1.  Plaintiff:

Plaintiff anticipates a possible amendment to the Complaint to include an additional cause of action for violation of 17 U.S.C. § 1202 for removal of copyright management information related to the Photograph and the related damages for same. Upon information and belief, Defendant's article credits Miami Times as the source of the photograph, but removes Mr. Wisser's photo credit "billwisserphoto.com". Plaintiff may also file discovery and/or substantive motions in the future, such as a motion for summary judgment, as warranted.

2.  Defendant:

Artspace may file discovery and/or substantive motions in the future, such as a motion for summary judgment, as warranted.

**C.  Prospects for Settlement**

The parties have exchanged settlement positions, and settlement discussions are ongoing. The parties believe there is a likelihood of settlement.

Respectfully submitted,

By:   /s/ Angelo DiStefano
Angelo DiStefano
PELOSI WOLF SPATES LLP
For the Defendant


By:   /s/ Renee Aragona
Renee J. Aragona
Craig B. Sanders
SANDERS LAW GROUP
For the Plaintiff